IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER MO. et al.,

    Plaintiffs,

v.        CASE NO. 4:16cv780-RH/CAS

MIKE CARROLL, etc.,

    Defendant.

_____/

## SCHEDULING ORDER

This order confirms the rulings set out on the record of the hearing on January 5, 2017.

IT IS ORDERED:

1. The plaintiffs' motion for a preliminary injunction will be heard on February 15, 2017, at 9:00 a.m.

2. The defendant must file by January 27 his response to the preliminary-injunction motion, together with any declarations and other evidence on which he relies in opposition to the motion.

3. The plaintiffs may file by February 3 a reply memorandum in support of the preliminary-injunction motion and must file by that date any declarations and other evidence on which they rely in support of the motion. The plaintiffs should not file another copy of any evidence already in the record.

4. Declarations are admissible on the preliminary-injunction motion, including on the issue of authenticity of exhibits.

5. The deadline to file a witness list is February 8. The list must include a summary of the testimony each witness is expected to give. No witness will be allowed to testify at the hearing unless the witness is properly listed and the testimony is properly summarized.

6. The deadline to file an exhibit list is February 8. Exhibits that have been filed prior to that time need not be listed. Each listed exhibit must be filed on the electronic docket by February 10.

7. A party must respond by January 20 to any interrogatory, production request, or admission request served by January 11. But a party may seek an extension of these deadlines for cause. A party should use this expedited procedure only as reasonably necessary.

8. The plaintiffs Christopher M.O. and Michael W.R. must execute and deliver to an attorney for the defendant by January 11 releases for medical records in a form sufficient to allow the defendant to obtain records from all medical

providers who have treated these plaintiffs within the last five years. The defendant should seek medical records only as pertinent to the claims. The defendant must immediately provide to an attorney for the plaintiffs copies of any medical records the defendant obtains.

    9. This order refers to medical records obtained by the defendant in response to the releases provided under this order or otherwise through formal or informal discovery, together with the information in the medical records, as "protected medical information." Unless otherwise ordered, protected medical information must be used only for purposes of this litigation and must not be disclosed except as necessary to prepare and present this litigation. Protected medical information must not be disclosed to anyone other than (a) attorneys of record, (b) persons in their legal offices assisting in this litigation, and (c) other employees of the defendant, expert witnesses, or potential expert witnesses, but only to the extent the employees or witnesses have a reasonable need for the protected medical information in connection with their role in this lawsuit. Prior to receiving protected medical information, any person in category (c) must sign an acknowledgment of having read this order. An attorney for the defendant must retain the acknowledgment. This paragraph does not restrict the use or disclosure of protected medical information by the plaintiffs or anyone who obtains the

protected medical information other than through the releases provided under this order or as a result of formal or informal discovery in this litigation.

 10. The clerk must maintain under seal, until otherwise ordered, any medical record that is tendered for filing under seal. Any such record should be filed separately from other records so that only the medical record, not the other records, can be sealed.

 11. The defendant must provide the plaintiffs copies of the two recent decisions of this court on proceeding anonymously.

 12. The deadline for a motion to proceed anonymously is January 19.

 13. The deadline for the defendant's response to the class-certification motion is February 3.

 14. If the plaintiff whose name was mentioned during the hearing is still proceeding anonymously when the transcript of the hearing is prepared, the court reporter should redact the name and replace it with initials, showing that there has been a redaction.

 SO ORDERED on January 6, 2017.

        s/Robert L. Hinkle
        United States District Judge