IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER MO., KIMBERY
MO., MICHAEL WR, AND VIRGINIA
WR, as next friend of MICHAEL WR.,
Individually and on behalf of others
Similarly situated,

      Plaintiffs,

v.                                CASE NO. 4:16cv780-RH/CAS

MIKE CARROLL, in his official
Capacity as Secretary of Florida's
Department of Children and Families,

      Defendant.
_____/

**AMENDED JOINT CONFERENCE REPORT**
**PURSUANT TO FED. R. CIV. P. 26(f)**

The parties, by and through their undersigned counsel, hereby submit this Amended Joint Conference Report pursuant to Fed. R. Civ. P. 26(f):

1. Conference of Parties: Pursuant to Rule 26(f), the following persons met telephonically on March 8, 2017:

    a. For Plaintiffs: Katy DeBriere, Kathy Grunewald, Francisca Fajana and Marc Cohan.

1

      b. For Defendants: William Stafford

2. Rule 26 Requirements

    a. In accordance with Rules 73.1 (A) and 72.1 (C) of the Local Rules, the parties conferred regarding consent to magistrate judge jurisdiction. The parties consent to mediation conducted by a magistrate judge.

    b. <u>Plaintiffs' Claims</u>:

Plaintiffs contend that Defendant has violated the Supplemental Nutrition Assistance Program ("SNAP") Act and its implementing regulations, and the Due Process Clause of the Fourteenth Amendment by:

      i) Terminating SNAP benefits to Plaintiffs and the putative class they represent without providing adequate pre-termination notice:

      ii) Failing to provide Plaintiffs and the putative class they represent with adequate notice that Defendant has made an individualized determination that each class member is subject to compliance with the work requirements and time limits under the Able-Bodied Adults Without Dependents ("ABAWD") program and related work requirements under the Employment and Training ("E & T") program;

  iii) Failing to provide Plaintiffs and the putative class they represent with adequate information concerning specific exemptions and exceptions to ABAWD and E & T work requirements, including how and when the individual can establish his/her exempt status or challenge adverse determinations concerning the individual's status; and

  iv) Sanctioning SNAP benefits on Plaintiffs and the putative class without having a fair process to make an individual determination of each class member's status as subject to E & T work requirements have such requirements applied to them.

c. <u>Defendant's Defenses</u>:

Defendant denies that it has violated the SNAP Act or the Due Process Clause of the Fourteenth Amendment as they relate to Plaintiffs and putative class members. Defendant has a motion to dismiss pending before the Court. DE 63. In the motion, Defendant asserts that the complaint in this matter is moot as to the named Plaintiffs because they have been determined to be exempt from ABAWD work requirements. Defendant also argues that Notice of Case Action, which is the subject of Plaintiffs' First Claim is fully compliant with the SNAP Act and provides all the notice required by due process. Defendant also asserts

that the Second Claim fails to state a cause of action, because the revised Notice of Mandatory Participation (NOMP) issued by the Florida Department of Economic Opportunity complies with the SNAP Act, and, to the extent required, the Due Process Clause. Finally, Defendant argues that the Third Claim is subject to dismissal because its process and procedures for identifying individuals subject to ABAWD work requirements complies with the SNAP Act, and does not implicate any due process issues in that no deprivation of a constitutionally protected interest is implicated. Additionally, Defendant claims that Plaintiffs are not entitled to retroactive relief, such as restoration of SNAP benefits, as that would violate the Eleventh Amendment.

d.  The parties discussed the possibility of settlement and will continue to do so. The prospects for settlement are currently unknown. As noted, the parties consent to mediation conducted by a magistrate judge.

e.  Plaintiffs will file an unopposed motion with the Court to reschedule the trial date currently set for September 5, 2017, requesting postponement to a date on or after November 1, 2017, depending on the Court's calendar and availability. Plaintiffs contend that significant fact discovery still remains, particularly with regard to their third claim

alleging ongoing failures by Defendant to implement a fair process for determining ABAWD status, including providing information about exemptions and exceptions from ABAWDE and E & T work rules. The responses supplied by Defendant pursuant to Plaintiffs' motion for preliminary injunction largely did not address this claim.

The parties agree that expert testimony will likely assist the Court in addressing the complex issues raised in this action; and believe in good faith that the parties can work to minimize the existence of material facts in dispute and, therefore, dispositive motions, particularly as to liability, if any, may be appropriate.

f.  Should the Court grant the unopposed motion to reschedule and continue the trial to a date on or after November 1, 2017, the parties agree to the following deadlines:

  i)  All fact and expert discovery conducted by both parties shall conclude on and including August 21, 2017.

  ii)  Plaintiffs will serve Rule 26(a)(2) expert disclosures, if any, on Defendant no later than July 5, 2017. Defendant will serve expert disclosures, if any, on Plaintiffs no later than July 24, 2017.

    iii)    The deadline to move for joinder of parties and amendments of the pleadings shall by July 31, 2017.

    iv)    The deadline to file dispositive motions shall be September 11, 2017.

g.    Should the Court maintain the trial date of September 5, 2017, the parties propose the following deadlines:

    i)    All fact and expert discovery concluded by both parties shall conclude on July 24, 2017.

    ii)    Plaintiffs will serve Rule 26(a)(2) expert disclosures, if any, on Defendant no later than June 30, 2017. Defendant will serve expert disclosures, if any, on Plaintiffs no later than July 14, 2017.

    iii)    The deadline to move for joinder of parties and amendments of the pleadings shall be July 5, 2017, however if additional discovery is needed because of the joinder, this may result in an extension of all deadlines or a denial of the request.

    iv)    The deadline to file dispositive motions shall be July 28, 2017.

h.    Plaintiffs reasonably believe that discovery will require examining records including Plaintiffs' client files; Defendant's ABAWD and E & T policies and procedures; and other records held by Plaintiffs and

      Defendant. Discovery will also likely require the deposition testimony of certain employees and representatives of both Defendant and third parties responsible of administering aspects of the ABAWD and E & T programs and any experts identified by the Defendant.

i. Defendant reasonably believes that further discovery will include additional written discovery appropriate to the issue of class certification; the depositions of Plaintiffs, Plaintiffs' physicians, and any experts identified by them; and possibly third party discovery to other entities involved in SNAP.

j. The parties agree that depositions (not including expert witnesses) generally will be limited to ten (10) as provided in Fed. R. Civ. P. 30(a)(2). Absent an agreement by the parties, any additional depositions may be taken only with leave of Court. Depositions are limited as to length and duration as set forth in the applicable Federal Rules of Civil Procedure, absent agreement by the parties or order of the Court. The parties agree that for purposes of the 10-deposition limit, each deposition taken pursuant to Rule 30(b)(6), Fed. R. Civ. P., notice shall be treated as a single deposition, even though more than one person may be designated to testify.

    k.    The parties agree that requests for production of information from electronic or computer sources are likely.  The parties agree that such requests will not require anything beyond what is reasonably available to the parties in the ordinary course of business.  The parties agree that electronic files shall be produced in electronic or paper form, or as otherwise agreed.  The parties currently have no reason to believe that potentially discoverable electronic data has not been preserved.  The parties agree that if privileged data or documents are inadvertently produced, they will be returned and copies will be destroyed.  The Court has entered a qualified protective order as part of its Scheduling Order.  DE 19.  Other issues of privilege or confidentiality with respect to discovery will be addressed when and if such issues arise.

    l.    The parties will file a joint pretrial stipulation on or before August 22, 2017 for a September 5, 2017 trial date, and on or before October 20, 2017 for a trial date on or after November 1, 2017.

3.    Rule 26(a)(1) disclosures will be made by both parties by March 22, 2017.

Dated: 4th day of April, 2017.
    Tallahassee, FL

Respectfully submitted,

Plaintiffs:

*/s/ Cindy Huddleston*
CINDY HUDDLESTON
Cindy Huddleston
Fla. Bar No.: 0383041
Kathy Gruenwald
Fla. Bar No.: 0513090
Florida Legal Services, Inc.
2425 Torreya Drive
Tallahassee, FL 32303
Telephone: (850) 385-7900
Facsimile: (850) 385-9998
cindy@floridalegal.org
kathy@floridalegal.org

Katherine DeBriere
Fla. Bar No.: 58506
Northeast Florida Medial Legal Partnership
Jacksonville Area Legal Aide, Inc.
126 W. Adams Street
Jacksonville, FL 32202
Telephone: (904) 356-8371, ext. 333
Facsimile: (904) 356-8780
Katy.debriere@jaxlegalaid.org

NATIONAL CENTER FOR LAW
& ECONOMICAL JUSTICE, INC.
Gregg Bass
Francisca Fajana
Petra T. Tasheff
275 Seventh Avenue, Suite 1506
New York, NY 10001
Telephone: (212) 633-6967
tasheff@nclej.org

9

Defendant:

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

*/s/ William H. Stafford III*
WILLIAM H. STAFFORD III
Fla. Bar No.: 70394
Senior Assistant Attorney General
William.Stafford@myfloridalegal.com

*/s/ Karen A. Brodeen*
KAREN A. BRODEEN
Senior Assistant Attorney General
Fla. Bar No.: 512771
Karen.Brodeen@myfloridalegal.com

Office of the Attorney General
Civil Litigation
The Capitol - PL 01
Tallahassee, FL 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed electronically with the court using CM/ECF on this 4th day of April , 2017.

*/s/ Karen A. Brodeen*
KAREN A. BRODEEN